IN THE UNITED STATES BANKRUPTCY COURT
Michelle Lee
16480 Fairway
Commerce Co. 80022
Phone:346-554-9725
Date: 8/20/25
leedreamgoddes@gmail.com



FILED
CLERK OF COURT

AUG 2 0 2025

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**Case No.** *Case 24-16918-KHT*

## ADVERSARY PROCEEDING COMPLIANT

## Pursuant to 28 U.S.C. § 2409a (Quiet Title Act)

COMES NOW, the Debtor, Michelle lee and hereby files this adversary proceeding to disallow the claim filed by

BARRETT FRAPPIER & WEISSERMAN, LLP /s/ Rachael Swernofsky Rachael Swernofsky, Atty Reg No. 56919 1391 N. SPEER BLVD, SUITE 700 DENVER, CO 80204 Telephone: (303) 327-8761 Telecopier: (972) 661-7725 Email Address: co.ecf@bdfgroup.com Nationstar

Pursuant to 11 U.S.C. § 502(a), a claim against the debtor must be supported by sufficient evidence that establishes the validity, amount, and enforceability of the debt. Additionally, Federal Rule of Bankruptcy Procedure 3001 requires claimants to substantiate their claims with appropriate documentation. Since the claimant has failed to provide adequate evidence or legal support to establish their claim, the claim must be disallowed."

Failure to meet evidentiary and proof requirements under federal bankruptcy law. The Debtor, in the spirit of good faith and in accordance with applicable law, voluntarily added the claimants to this bankruptcy proceeding. Through diligent and cooperative legal discovery, the Debtor has determined that no obligation or debt is owed to the claimants, and as such, the claimants' claims and liens are unsupported and invalid."

"Pursuant to the principles of the Quiet Title Act, 28 U.S.C. § 2409a, and the bankruptcy statutes, the Debtor respectfully requests that the Court declare the claimants' liens and claims invalid and remove and extinguish such encumbrances from the property in question

Debtor herein asserts that I am not in default of any obligation or debt to the claimant, and that the claimant has failed to demonstrate any enforceable amount owed under applicable law. Under 11 U.S.C. § 105(a) and 11 U.S.C. § 502, the Court

may disallow claims that are unsupported by evidence of debt or enforceable obligation. Furthermore, the claims and liens should be fully removed and extinguished from the bankruptcy estate because they are unsupported, invalid, or improperly recorded, in accordance with 11 U.S.C. § 522(f), which allows for the avoidance of liens that impair exemptions or are unsupported by lawful recordation.

## 1. Lack of Proof of Indebtedness.

## Federal Law Referencing Constitutional Irreducible Minimums:

1. Due Process Clause—5th Amendment:
    - 5 U.S.C. § 551(13): Defines "due process of law" and affirms that procedural protections are required before depriving a person of rights or property in federal administrative and judicial proceedings.
2. Application in Federal Courts (Including Bankruptcy):
    - 11 U.S.C. § 105(a): This section grants bankruptcy courts broad equitable powers *"consistent with law"* to issue necessary and appropriate orders to prevent abuse and preserve rights under the bankruptcy process, ensuring constitutional due process protections are upheld.
3. Supremacy of the Constitution:
    - 28 U.S.C. §§ 1651, 2072: These statutes (the All Writs Act and Rules Enabling Act) give courts the authority to issue necessary orders and rules to ensure constitutionally protected rights are preserved during federal proceedings.
4. Standard of Judicial Due Process:
    - 42 U.S.C. § 1983: Provides remedies for violations of constitutional rights by federal or state actors, reaffirming that constitutional protections are enforceable as federal law
    Under 11 U.S.C. § 502(a), a claim against the debtor must be supported by evidence that establishes the validity, amount, and enforceability of the debt. The claimant bears the burden of proof, and a claim cannot be allowed unless sufficient proof is provided. The creditor has failed to demonstrate and substantiate the existence of a valid, enforceable debt, despite multiple opportunities.
    - 2. Failure to Respond or Object: No objection or Response to address court motion   Docket number #230

        Pursuant to Federal Rule of Bankruptcy Procedure 3001, a proof of claim must be supported by documentation such as a contract, account statement, or relevant evidence demonstrating the debt. The debtor specifically requested that the creditor submit such evidence and proof

of indebtedness. The creditor's repeated failure to respond, object, or submit supporting evidence constitutes a failure to meet the proof requirements and compliance with the bankrupcty rules.

### 3. Failure to Comply with Proof and Evidentiary Standards:

### Docket # 207 Filed by Nationstar

The claimant has failed to meet the requirements set forth under the Federal Rules of Evidence and Federal Rule of Civil Procedure 901(a), Standard of Authentication. The submitted documents are unrecorded, unauthenticated, and lack proper proof of validity, making them inadmissible and insufficient to establish any enforceable claim or lien.
In accordance with 11 U.S.C. § 502(b), claims that are not properly supported or are unsupported by evidence are disallowed. The burden of establishing a claim's validity rests on the creditor, and their inaction demonstrates a lack of compliance with statutory and procedural requirements, warranting disallowance of the claim.

### 4. Right to Remove Encumbrances and Liens:
Pursuant to 28 U.S.C. § 2409a (Quiet Title Act), the debtor seeks to have any existing liens or encumbrances declared invalid and removed due to the unsupported and unsubstantiated claim filed against the property.Removal and avoidance of unsupported or invalid liens under the bankruptcy code directly result in a reduction of the total debt owed by the debtor to creditors. Pursuant to 11 U.S.C. § 522(f), a debtor can avoid non-possessory, non-purchase-money judgment liens that impair exemption rights, effectively extinguishing these claims."

"Furthermore, under 11 U.S.C. § 506(d), liens that are avoided or stripped are no longer enforceable, and thus, the debtor's estate is protected from claims that would inflate the total liabilities. This facilitates a more equitable distribution of the debtor's estate and maximizes the benefit to creditors."

WHEREFORE, the debtor respectfully requests the Court to:
- Disallow the claim   for failure to meet the burden of proof under 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3001;
- The  debtor respectfully requests that this Court disallow the total claim filed due to failure to meet the statutory and procedural requirements of proof of claim, lack of authentication, and invalid or unsupported documentation, and for such other relief as the Court deems just and proper
- Declare any liens or encumbrances based on the unsupported claim null and void under the Quiet Title Act;
- Remove and extinguish any liens or claims against the property;Remove and extinguish the mortgage and lien lien recorded against the property

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR Michelle D Lee || BANKRUPTCY CASE NO. 24-16918-KHT |||
| DISTRICT IN WHICH CASE IS PENDING United States Bankruptcy Ct || DIVISION OFFICE Denver | NAME OF JUDGE Kimberly H. Tyson ||
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Michelle D Lee* |||||
| DATE 8/20/25 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Michelle D Lee |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

- Grant such other relief as the Court deems just and proper.

Respectfully submitted,

B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS** Michelle D. Lee

**DEFENDANTS** Barrett Weisserman
Rachael Swernofsky #56919
Nationstar

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
ProSe Michelle D. Lee 80030
16470 Fairway Commerce City Co

**ATTORNEYS** (If Known)
Rachael Swernofsky
#56919

**PARTY** (Check One Box Only)
☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 USC 502a    FRCP-901a    28 USC 2409a
FRBP 3001     11 502b                QTA

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☑ Check if a jury trial is demanded in complaint

☐ Check if this is asserted to be a class action under FRCP 23
Demand $

**Other Relief Sought**  See Attached