UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| *In Re*: | | |
| MICHELLE D. LEE, **Debtor.** | § | Case No. 24-16918-KHT |
| | § | |
| | § | Chapter 7 |
| _____ | § | |
| | § | |
| MICHELLE D. LEE, | § | Adv. Proc. No. 25-01240 |
| **Plaintiff.** | § | |
| | § | |
| vs. | § | |
| | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| RACHAEL SWERNOFSKY, AND | § | |
| BARRETT FRAPPIER & | § | |
| WEISSERMAN, LLP | § | |
| **Defendant.** | § | |

## MOTION TO DISMISS COMPLAINT

COMES NOW Defendants, NATIONSTAR MORTGAGE, LLC, RACHAEL SWERNOFSKY, and BARRETT FRAPPIER & WEISSERMAN, LLP (collectively "Defendant"), by and through its attorneys Barrett Frappier & Weisserman, LLP, and hereby moves this Honorable Court to dismiss the above-captioned adversary proceeding pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6) and states as follows:

### I.  INTRODUCTION

1.      ("Plaintiff") filed the Complaint in this adversary proceeding on August 20, 2025.

2.      The Complaint challenges Defendant's status as a creditor and seeks to disallow claim and quiet title for failure to meet burden of proof.

3.      The allegations in the Complaint fail to state a claim upon which relief can be granted and must be dismissed as a matter of law.

## II. FACTS

4.      Plaintiff is the owner of real property legally described as follows:

Lot 21, Reunion Filing No. 6, 2nd Amendment, County of Adams, State of Colorado.

Which is known by street and number as: 16480 Fairway drive, Commerce City, Colorado 80022 (the "Property").

5.      On or about February 14, 2022, Debtor, MICHELLE D. LEE, executed a promissory note ("Note") secured by a deed of trust ("Deed of Trust") encumbering the Property in the amount of $571,700.00 for the benefit of Mortgage Electronic Registration Systems, Inc., acting solely as nominee for GUARANTEED RATE, INC. The Deed of Trust was recorded in the official records of Adams County, Colorado, on February 23, 2022 at Reception No. 2022000016361.

6.      On November 20, 2024, Debtor/Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy. The case was converted to a Chapter 7 on February 28, 2025.

7.      Nationstar Mortgage, LLC filed its Proof of Claim on January 9, 2025, at Claim #9-1. All loan documents being properly attached.

8.      Nationstar Mortgage, LLC is the current holder of the Note and beneficiary of the Deed of Trust by virtue of a valid and recorded Assignment.

9.      Debtor/Plaintiff failed to make her mortgage payment, so Nationstar Mortgage, LLC, filed a Motion for Relief on July 23, 2025, Docket No. 220. Debtor/Plaintiff filed a response on August 11, 2025 and a preliminary hearing was scheduled for August 19, 2025.

10.     A hearing was held on Nationstar Mortgage, LLC's Motion for Relief on August 19, 2025, and the Court granted the Motion for Relief and an Order on Motion for Relief from

Stay was entered on August 19, 2025, granting Nationstar Mortgage, LLC, request to foreclose on and/or take possession and control of the property located at 16480 Fairway Dr, Colorado 80022.

### III. LEGAL STANDARD

11.     Fed. R. Civ. P. 8(a)(2) and 12(b)(6), are made applicable to this action by Fed. R. Bankr. P. 7008 and 7012. In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "[a]ll well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party" *Teigen v. Reffrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). The pleading requirement under Fed. R. Civ. P. 8(a)(2) mandates the complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). To survive a Rule 12(b)(6) motion, the basis for "plaintiff's entitle[ment] to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will no do." *Twombly,* 550 U.S. at 555. The *Iqbal* Court notes "[t]wo working principles underlie *Twombly.* First, the tenet that a court must accept a complaint's allegation as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense" *Iqbal*, 556 U.S. at 663-64.

### IV. LEGAL ARGUMENT

12.     Plaintiff's Complaint contains insufficient plausible factual allegations under Fed.

R. Civ. P. 8(a)(2). Defendant has not undertaken any action in violation Federal Law. Plaintiff alleges no specific allegations to support her request to disallow or quiet title against Nationstar Mortgage, LLC.

13.     Plaintiff's Complaint further fails to state <u>any</u> allegations, facts, claims, or actions against Rachael Swernofsky or Barrett Frappier & Weisserman, LLP

14.     There is no factual or legal basis for Plaintiff's request to disallow or quiet Nationstar Mortgage, LLC, claim.

15.     Pursuant to Local Bankruptcy Rule 3007-1(a), the legal and factual basis for any party objecting to the allowance of any claim must be clear from the face of the objection.  In the case at bar, the Plaintiff ostensibly pleads that the claim should be disallowed and removed.  The Complaint fails to plead either the factual basis or the legal basis to establish why the claim is unenforceable against the Plaintiff.  This allegation wholly fails to comply with the pleading requirements set forth in Local Bankruptcy Rule 3007-1(a).

16.     Fed. R. Bankr. P. 3001(c) requires that a claimant attach an original or duplicate of the document if a claim is based upon a writing, and Fed. R. Bankr. P. 3001(d) requires that the claimant attach evidence of perfection of a security interest.  Each of the documents required by these rules is attached to the Proof of Claim—including the recorded Assignment to Nationstar Mortgage, LLC.  Fed. R. Bankr. P. 3001(c)(2)(A) requires that an itemized statement of interest, fees, expenses or charges be filed with the Proof of Claim and Fed. R. Bankr. P. 3001(c)(2)(b) requires that the amount necessary to cure the default be included within the Proof of Claim.  All of this information is provided in the Proof of Claim filed by Defendant.  Further, Defendant has utilized the approved forms as required by Fed. R. Bankr. P. 3001(c)(2)(C) and has included the 410A mortgage attachment which contains a detailed payment history from the

date of the original default.  Finally, an Escrow Analysis is attached to the claim as required by Fed. R. Bankr. P. 3001(c)(2)(C).  Defendant has therefore complied with all of the requirements set forth in Fed. R. Bankr. P. 3001.

17.     Based upon the foregoing, Fed. R. Bankr. P. 3001(f) provides that Nationstar Mortgage, LLC's Proof of Claim shall constitute presumption of *prima facie* evidence of the validity and amount of the claim.  The Complaint fails to plead that any required documentation or information that Defendant failed to attach to the Proof of Claim that is required under the applicable rules. All of this information is provided in specific detail for the Plaintiff to review. Moreover, the Complaint fails to set forth facts and or a legal basis to overcome the presumption afforded to the proof of claim by Fed. R. Bankr. P. 3001(f).  This court should therefore dismiss the Complaint for failure to plead facts and or a legal basis to overcome this presumption.

### V. CONCLUSION

18.     For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**WHEREFORE**, Defendants, NATIONSTAR MORTGAGE, LLC, RACHAEL SWERNOFSKY, and BARRETT FRAPPIER & WEISSERMAN, LLP, respectfully requests that this Court grant the Motion to Dismiss Complaint and for any further relief as the Court deems just and proper.

BARRETT FRAPPIER & WEISSERMAN, LLP

DATED:  9/19/2025

/s/ Rachael Swernofsky
Rachael Swernofsky, Atty Reg No. 56919
1391 N. SPEER BLVD, SUITE 700
DENVER, CO  80204
Telephone:  (303) 327-8761
Telecopier: (972) 661-7725
Email Address:  co.ecf@bdfgroup.com

E-FILED
ORIGINAL
Document to be
retained in file of
Barrett Frappier &
Weisserman, LLP

CERTIFICATE OF SERVICE

The undersigned has confirmed that copies of Defendant's Motion to Dismiss were mailed, first class, postage prepaid on September 19, 2025 on all parties against whom relief is sought and those otherwise entitled to service pursuant to FRBP and these LBR at the following addresses:

**PRO SE DEBTOR:**
MICHELLE DEON LEE
16480 FAIRWAY DR.
COMMERCE CITY, CO 80022

**CHAPTER 7 TRUSTEE:**
TOM H. CONNOLLY
TOM CONNOLLY, LLC
PO BOX 68
LAFAYETTE, CO 80026-0068

**<u>PARTY REQUESTING NOTICE:</u>**
NEW AMERICAN FUNDS, LLC
C/O HEATHER L DEERE
355 UNION BOULEVARD, SUITE 250
LAKEWOOD, CO 80228

**<u>PARTY REQUESTING NOTICE:</u>**
KEYBANK NATIONAL ASSOCIATION
BROWN DUNNING WALKER FEIN DRUSCH PC
C/O DOUGLAS W. BROWN
7995 E PRENTICE AVE SUITE 101E
GREENWOOD VILLAGE, CO 80111

**<u>PARTY REQUESTING NOTICE:</u>**
ATTN: ALLY BANK DEPARTMENT
AIS PORTFOLIO SERVICES LLC
ACCOUNT: XXXXXXXX2262
4515 N. SANTA FE AVE. DEPT. APS
OKLAHOMA CITY, OK 73118

**<u>PARTY REQUESTING NOTICE:</u>**
WILLMINGTON SAVINGS FUND SOCIETY, FSB
C/O JULIAN COTTON
6267 OLD WATER OAK ROAD, SUITE 203
TALLAHASSEE, FL 32312

**PARTY REQUESTING NOTICE:**
TRINITY LIFE INSURANCE COMPANY
C/O ARICYN JAINE DALL
RANDALL S. MILLER & ASSOCIATES, P.C.-CO
215 16TH STREET, SUITE 1210
DENVER, CO 80202

**PARTY REQUESTING NOTICE:**
CORNERSTONE HOME LENDING
A DIVISION OF CORNERSTONE CAPITAL BANK, SSB
14841 DALLAS PARKWAY, SUITE 350
DALLAS, TX 75254

**PARTY REQUESTING NOTICE:**
JPMORGAN CHASE BANK, N.A.
C/O ANDREA BETTS-WHALEN
ALDRIDGE PITE, LLP
3333 CAMINO DEL RIO SOUTH, SUITE 225
SAN DIEGO, CA 92108

**PARTY REQUESTING NOTICE:**
BELLCO CREDIT UNION
C/O APRIL L. BERRY
JANEWAY LAW FIRM, P.C.
9540 MAROON CIRCLE
STE. 320
ENGLEWOOD, CO 80112

**PARTY REQUESTING NOTICE:**
BELLCO CREDIT UNION
P.O. BOX 6541
GREENWOOD VILLAGE, CO 80155

**PARTY REQUESTING NOTICE:**
KALAMATA CAPITAL GROUP, LLC
C/O ROBERT G. BUSCH, ESQ.
RG BUSCH, PLLC
P.O. BOX 3931
GREENWOOD VILLAGE, CO 80111

**PARTY REQUESTING NOTICE:**
SECOND CREEK RANCH METROPOLITAN DISTRICT
C/O JEFFREY B. SMITH
555 ZANG STREET, SUITE 100
LAKEWOOD, CO 80228-1011

**<u>PARTY REQUESTING NOTICE:</u>**

JOHN SCANLON
CIRCLE LAW-THE SCANLON LAW OFFICES
1726 CHAMPA ST. 3E
DENVER, CO 80202


U. S. Trustee
*By electronic notice only per written request

     /s/ Rachael Swernofsky
Signature